15-1306-cv
Munter v. Hickey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

IN RE CRM HOLDINGS, LTD SECURITIES LITIGATION

BEVERLY L. MUNTER, individually and on behalf of all others similarly situated, BRETT BRANDES, BB INVESTORS, LP,

                     *Plaintiffs-Appellants*,

             v.                                              15-1306-cv

DANIEL G. HICKEY, JR., MARTIN D. RAKOFF, JAMES J. SCARDINO, DANIEL G. HICKEY, SR.,

                     *Defendants-Appellees,*

CRM HOLDINGS, LTD.,
                     *Defendant.*[1]

_____

Appearing for Appellant:     Ex Kano S. Sams II (Leonel Z. Glancy, Robert V. Prongay *on the brief*), Glancy Prongay & Murray LLP, Los Angeles, CA.

_____
[1] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Appearing for Appellees:    Arthur H. Aufses III, Kramer Levin Naftalis & Frankel, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and the case is **REMANDED**.

Plaintiffs appeal from the March 30, 2015 judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), awarding plaintiffs' attorneys 20.3% of the settlement fund in fees and $30,000.00 in expenses, and the district court's April 8, 2015 order adhering to its prior decision on reconsideration.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's award of attorney's fees for abuse of discretion, which occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (citation, alteration, and internal quotation marks omitted).

In common fund cases, such as this one, there are two accepted methods for calculating appropriate attorneys' fees: the lodestar method and the percentage method. Under either method, the ultimate question is whether the fees awarded "exceed what is 'reasonable' under the circumstances." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47-48 (2d Cir. 2000); *see also McDaniel*, 595 F.3d at 417-18. Whichever method it applies, the district court must consider the *Goldberger* factors in determining a reasonable fee award. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). "The *Goldberger* factors include: (1) counsel's time and labor; (2) the litigation's magnitude and complexity; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *McDaniel*, 595 F.3d at 423.

Here, plaintiffs' attorneys requested 33% of the settlement fund in fees. The district court crossed that out and wrote in 20.3%, giving no explanation for this reduction, and merely stating that "[t]he Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class." Special App'x at 7. Further, the district court gave no explanation in response to plaintiffs' motion for reconsideration, merely stating that it had "reconsidered its order of March 30, 2015, and, upon reconsideration, adheres to its prior holding." Special App'x at 8.

---

[2] Defendants do not take a position on this appeal.

We cannot assess whether this fee award is reasonable in the absence of any explanation by the district court. On remand, the district court must conduct a thorough analysis of the *Goldberger* factors, explain how it weighed the factors, and state the grounds on which it relied. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Stanger v. China Elec. Motor, Inc.*, — F.3d —, 2016 WL 191986, at *2 (9th Cir. Jan. 15, 2016); *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir. 1997); *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1318 (11th Cir. 1989); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1213 (9th Cir. 1986). On remand, the district court may find it useful to conduct a hearing, although it is not required to do so.

Next, plaintiffs' counsel requested $48,696.69 in unreimbursed expenses. The district court instead awarded $30,000.00, with no explanation for the disparity between the amount requested and awarded. With respect to costs in common fund cases, "[c]ounsel are entitled to reimbursement only for those expenses incurred in the course of work that benefitted the class." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 238 (2d Cir. 1987). We cannot assess whether the cost award was reasonable without further explanation from the district court. On remand, the district court should permit plaintiffs' counsel to submit additional financial records demonstrating how the $48,696.69 amount was derived, and explain why those expenses benefitted the class. Further, the district court shall explain the basis for its award of costs, if the amount awarded is less than that requested by plaintiffs' counsel.

Accordingly, the judgment of the district court hereby is VACATED, and we REMAND for reconsideration of the fee and cost award.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3