**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT STANGER, Individually and
on behalf of all others similarly
situated,

*Plaintiff*,

and

MIKE MCGEE, Individually and on
behalf of all others similarly
situated,

*Plaintiff-Appellant*,

v.

CHINA ELECTRIC MOTOR, INC.;
WESTPARK CAPITAL, INC.; ROTH
CAPITAL PARTNERS, LLC; RICHARD
RAPPAPORT; PHILLIP KEMPISTY;
KEMPSITY & COMPANY, CPAS, P.C.;
MALONEBAILEY LLP,

*Defendants-Appellees*.

No. 13-56903

D.C. No.
2:11-cv-02794-
R-AGR

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 11, 2015[*]
Pasadena, California

Filed January 15, 2016

Before: Harry Pregerson, A. Wallace Tashima,
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

## SUMMARY[**]

### Securities / Attorneys' Fees

The panel vacated an award of attorneys' fees to class counsel following the settlement of an action under the Securities Act of 1933.

The panel held that the district court's choice to apply the lodestar method, rather than the percentage-of-fund method, was well within the district court's discretion in this common fund case. The district court abused its discretion, however, by failing adequately to explain its reasons for reducing the lodestar.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel vacated the fee award and remanded with instructions to recalculate the award and provide a more detailed explanation.

**COUNSEL**

Laurence M. Rosen, The Rosen Law Firm, P.A., New York, New York, for Plaintiff-Appellant.

No appearance for Defendants-Appellees.

**OPINION**

PER CURIAM:

This is an appeal of an attorneys' fees award in a securities class action. The parties reached a settlement and the district court approved the settlement and awarded attorneys' fees. Named-plaintiff, Mike McGee, appeals on behalf of class counsel ("Class Counsel") contending that the fee award was arbitrary. We conclude that the district court's near total failure to explain the basis of its award was an abuse of discretion. Thus, we vacate the award and remand with instructions to recalculate the fee award and provide a more detailed explanation of the fee award.

**I.**

Class Counsel represented a class of investors in an action under the Securities Act of 1933 against China Electric Motor, Inc., and its officers, directors, auditors, and underwriters. After two years of litigation – during which

Plaintiffs survived motions to dismiss, conducted discovery, and filed for class certification – the parties reached a $3.78 million global settlement. The settlement notice to the class included notice that Class Counsel would seek a fee award of 25% of the class fund. No one objected to the size of proposed attorneys' fees award.[1]

Soon thereafter, together with their motion for final approval of the settlement, Plaintiffs filed a motion for attorneys' fees and expenses. Class Counsel requested 25% of the $3.78 million award, or $944,583. They submitted billing records and argument justifying the sought percentage-of-fund fee award.

At the hearing on final approval of the settlement, the district court also discussed the fee request. It declined to use Class Counsel's proposed percentage-of-fund method for calculating the fee award; instead, it applied the lodestar method. It multiplied a blended hourly rate of $475 by the 1,402 hours Class Counsel had collectively spent working on the case, for a lodestar value of $666,488. The court then found that a downward adjustment from the lodestar was appropriate. It stated that a review of the billing records disclosed "numerous examples of legal tasks being inappropriately [lumped] together." The court did not, however, point to any specific tasks by way of example, much less explain why grouping those tasks was inappropriate, or how any of this affected the ultimate fee award. Instead, the court merely asserted that the case was "a very simple case" and commented that "a lot of high-cost lawyers were not doing work . . . that would . . . take their

---

[1] One putative class member requested exclusion from the settlement class and one objected to the settlement.

expertise to do." Ultimately, the court reduced the lodestar by 422 hours.[2] This resulted in a final fee award of $466,038 – a 30% reduction from the original lodestar value, and a 50% reduction from Class Counsel's requested fee.

In its subsequent written Order Awarding Lead Plaintiff's Counsel Attorneys' Fees and Reimbursing Expenses (the "Order"), the district court did not offer any additional explanation for its decision to cut Class Counsel's hours by 30%. Indeed, some language in the Order directly contradicted the court's statements at the final approval hearing and may have even supported applying a positive multiplier to the original $666,488 lodestar. For example, the Order stated that "the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing, and in the absence of the Settlement, the Action would have continued to involve complex factual and legal questions," and that "if Lead Plaintiff's Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery." Nevertheless, in keeping with its statements at the final approval hearing, the court awarded Class Counsel the significantly reduced fee.

## II.

We review an award of attorneys' fees for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). "A district court abuses its discretion

---

[2] Presumably, the inappropriate "high-cost lawyers" work was discounted by the court in arriving at its "blended" hourly rate of $475 per hour. If so, then discounting the number of hours was double-counting the same discount. But the district court did not explain how it arrived at the blended hourly rate.

if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1005 (9th Cir. 2002)). We review underlying factual determinations for clear error. *Native Vill. of Quinhagak v. United States*, 307 F.3d 1075, 1079 (9th Cir. 2002). We review whether the district court applied the correct legal standard de novo. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001).

### A.

In a common fund case, such as this, the district court has the discretion to choose between either the lodestar or the percentage-of-fund methods when calculating fees. *E.g.*, *Fischel*, 307 F.3d at 1006. "Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate." *Id.* Because there is a strong presumption that the lodestar amount represents a reasonable fee, adjustments to the lodestar "are the exception rather than the rule." *Id.* at 1007 (quoting *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383–84 (9th Cir. 1990)).

Under the percentage-of-fund method, the district court may award plaintiffs' attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee. *E.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994) ("*WPPSS*"). The Ninth Circuit has set 25% of the fund as a "benchmark" award under the percentage-of-fund method. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (*citing Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *Paul, Johnson,*

*Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007 (quoting *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("*Petroleum Prods.*")). In this case, the choice to apply the lodestar method, rather than the percentage-of-fund method, was well within the district court's discretion.

In order for this Court to conduct a meaningful review of the fee award's reasonableness, however, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court must state not only the grounds on which it relied, but also how it weighed the various competing considerations. *Powers*, 229 F.3d at 1257–58. "Without some indication or explanation of how the district court arrived at the amount of fees awarded, it is simply not possible for [the appellate court] to review such an award in a meaningful manner." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1213 (9th Cir. 1986); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151–52 (9th Cir. 2001). Especially "where the disparity [between the requested fee and the final award] is larger, a more specific articulation of the court's reasoning is expected." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, the district court did not adequately explain its reasons for reducing the lodestar. While the court noted one or two considerations that might have supported its decision, it failed to explain how it weighed those considerations when calculating the final award. Specifically, the record lacks any explanation as to why the lodestar was reduced by 422 hours,

as opposed to any other number of hours. What's more, those 422 hours represent a 30% reduction of the hours compensable under the presumptively correct lodestar. A 30% reduction is large enough that the parties were entitled to a more detailed explanation of the court's reasoning. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (requiring "relatively specific reasons" where compensable hours were  reduced by nearly one-third). Based on the evidence (or lack of evidence) before us, we can only conclude that the 422-hour cut was arbitrary. We therefore vacate the fee award, and remand for further consideration.[3]

## B.

In addition to arguing that the reduction to the lodestar was arbitrary, Class Counsel challenge the district court's failure to consider three additional grounds for increasing the award. Class Counsel first contend that the *Kerr* "reasonableness" factors entitled them to an upward adjustment of the lodestar. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4] Class Counsel further

---

[3] Class Counsel ask us to exercise our discretion to determine the appropriate fee award on appeal, rather than remand to the district court. Because the record is insufficiently developed, we decline Class Counsel's invitation.

[4] In *Kerr*, the Ninth Circuit adopted a twelve-factor matrix to guide the district court's consideration of the reasonableness of the fee award. *Kerr*, 526 F.2d at 70. The continued relevance of two of the original factors has since been called into question by the Supreme Court. *See Resurrection Bay Conservation All. v. City of Seward, Alaska*, 640 F.3d 1087, 1095 n.5 (9th Cir. 2011) (citing *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1546 n. 4 (9th Cir.1992)).

contend that the court's failure to apply two modifiers to the adjusted lodestar – namely, compensation for delay in payment and the risk of litigation – was an abuse of discretion. Whether these factors require an increase of the lodestar amount is for the district court to decide in the first instance on remand. We agree, however, that the court's failure explicitly to consider the *Kerr* "reasonableness" factors, as well as the delay and risk factors, was an abuse of discretion. We therefore include the following discussion of the applicable legal standards to aid the district court in awarding an appropriate fee on remand.

### 1. The "reasonableness" factors

Class Counsel first argue that several of the *Kerr* "reasonableness" factors entitle them to an upward adjustment of the lodestar. Once the lodestar has been calculated, "the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) (internal quotation marks omitted). Class Counsel emphasize the excellent result they believe they obtained; the difficulty and risks inherent in litigating against defendants in China; the complexity and difficulty of prosecuting the specific claims raised in the complaint; and the high quality of representation Class Counsel provided the class.[5]

---

[5] Contrary to the district court's approach, Class Counsel include detailed citations to the record supporting their arguments.

While the decision to enhance or reduce the lodestar under the *Kerr* factors is within the district court's discretion, the court still must explain how it arrived at its final decision. Here, the district court never mentioned the *Kerr* factors, nor did it discuss in any detail the substance of Class Counsel's tendered grounds for applying a positive multiplier to the final lodestar amount. Without more, "we have no choice but to remand the case to the district court to permit it to make the necessary calculations and provide the necessary explanations." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (as amended). On remand, the district court must explicitly discuss why the *Kerr* reasonableness factors do or do not favor applying a multiplier (positive or negative) in this case.

### 2. *The delay factor*

As for the delay factor, "[a]ttorneys in common fund cases must be compensated for any delay in payment" and failure to do so is an abuse of discretion. *Fischel*, 307 F.3d at 1010. The district court may choose one of two methods to compensate attorneys for a delay in payment: (1) the court may apply "the attorneys' current rates to all hours billed during the course of the litigation"; or (2) the court may use the attorneys' historical rates and add a prime rate enhancement. *Id.* (quoting *Petroleum Prods.*, 109 F.3d at 609). Here, the district court gives us no clue on whether it relied on Class Counsel's current or historic rates to calculate the blended hourly rate.[6] On remand, the district court must apply one of the two delay-compensation methods outlined above to compensate for the delay in payment and clearly

---

[6] Neither did the district court otherwise explain how it arrived at the blended hourly rate of $475. *See also* note 2, *supra*.

explain how it utilized that method to arrive at its calculated delay compensation.

### 3. *The risk factor*

Finally, Class Counsel contend that the district court's failure to apply a risk multiplier was an abuse of discretion. Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis. *WPPSS*, 19 F.3d at 1300. This incentive is especially important in securities cases. *Id.* Thus, the district court must apply a risk multiplier to the lodestar "when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky." *Fischel*, 307 F.3d at 1008. Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion. *Id.*

The record is insufficiently developed to allow us to determine whether this case warrants the application of a risk multiplier. On remand, the district court may take steps to develop the record more fully. *See WPPSS*, 19 F.3d at 1302. We emphasize that regardless of whether or not the district court ultimately finds that this case requires application of a risk multiplier, it must fully and adequately explain the basis for its decision.

### III.

We recognize that the district court had a difficult task in balancing the interests of the class against the need to award a fee that adequately compensates Class Counsel for their representation in this case. Yet, this difficulty does not

relieve the district court of its responsibility, not only to consider carefully Class Counsel's fee application, but also to explain fully its reasoning in arriving at its award. The entirely impressionistic reasoning offered by the district court is inadequate, and thus arbitrary; it prevents us from properly reviewing the award on appeal.

The district court's award of attorneys' fees is vacated and the matter is remanded for further proceedings consistent with this opinion.

**VACATED and REMANDED.**