NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN STETSON, individual and all others similarly situated; SHANE LAVIGNE, individual and all others similarly situated; CHRISTINE LEIGH BROWN-ROBERTS, individual and all others similarly situated; VALENTIN YURI KARPENKO, individual and all others similarly situated; JAKE JEREMIAH FATHY, individual and all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WEST PUBLISHING CORPORATION, a Minnesota Corporation, dba BAR/BRI; KAPLAN, INC., <br><br> Defendants - Appellees, <br><br> and <br><br> SETH BRYANT GRISSOM; JAMES RALPH GARRISON, III; DUSTIN KENNEMER; NATHAN HUNT; JOHN KELLEY; JOHN AMARI, <br><br> Objectors - Appellees. | No.  16-56313 <br><br> D.C. No. 2:08-cv-00810-RGK-E <br><br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 25, 2017[**]
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Plaintiffs-Appellants appeal from an award of attorney's fees and costs issued on remand after a previous appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

1. In a common-fund case such as this one, the district court has discretion to apply either the lodestar or the percentage-of-the-fund method in calculating a fee award. *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). In our previous opinion, we held that the district court acted within its discretion in using the lodestar method. *Id.* Our remand instructions directed the district court to "clearly provide reasons for the factors in its lodestar computation." *Id.* at 1167. Therefore, the district court did not err in once again employing the lodestar method to determine a new fee award on remand.

2. "Attorneys in common fund cases must be compensated for any delay in payment." *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1010 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2002).  "The lodestar should be computed either using an hourly rate that reflects the prevailing rate as of the date of the fee request, to compensate class counsel for delays in payment inherent in contingency-fee cases, or using historical rates and compensating for delays with a prime-rate enhancement."  *Grissom*, 821 F.3d at 1166.  On remand, Appellants submitted supplemental briefing on these two delay compensation methods as well as a declaration with updated hourly and prime rates as of June 22, 2016.  However, the district court's fee award omitted any mention of delay compensation methods or updated 2016 hourly rates and instead cited a 2013 filing for class counsel's claimed rates.  The district court erred by failing to update the lodestar calculation to compensate for the delayed payment.

3.  The district court based its decision to deny a risk multiplier solely on its conclusion that class counsel's hourly rates already reflected the risks of this action.  *See id.* (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016)).  Because its determination of the hourly rates was in error, that determination cannot support the denial of a risk multiplier.  Furthermore, the district court based its assessment of the hourly rates on counsel's 2013 rates and the 2015 Real Rate Report, a publication that is not in the record.  The district court's decision reveals nothing of the report's methodology.  Use of the Real Rate Report may, however, be appropriate if supported by findings that the report reflects contemporaneous rates. On remand, the district court should consider anew

3

whether to apply a risk factor using class counsel's updated hourly rate. "We emphasize that regardless of whether or not the district court ultimately finds that this case requires application of a risk multiplier, it must fully and adequately explain the basis for its decision." *Stanger*, 812 F.3d at 741.

4. A district court "has discretion to adjust the lodestar upward or downward using a multiplier that reflects a host of 'reasonableness' factors," known as the *Kerr* factors. *Grissom*, 821 F.3d at 1166–67 (internal quotation marks omitted) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011)). "[T]he *Kerr* factors only warrant a departure from the lodestar figure in 'rare and exceptional cases.'" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942 n.7 (quoting *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000)). Appellants have not shown that the district court abused its discretion in determining that this was not a rare and exceptional case.

5. The district court denied costs for expert fees because the amount requested for two experts was not justified and the time records submitted by Appellants did not reveal which fees were attributed to which expert. Appellants rely on a declaration that reveals nothing more specific about the contributions of these two experts to the litigation than that Appellants engaged in "extensive communications" with them and "consulted with [them] regarding both the range of possible damages and the various ways in which settlement might be achieved."

4

This is a vague foundation upon which to rest an entitlement to $29,000 in costs. We review a denial of costs for abuse of discretion, *see Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014), and Appellants have not shown that the district court abused its discretion in denying costs for these expert fees.

We therefore vacate the award of fees and remand for the district court to update the lodestar figure with a delay compensation method and to reconsider whether or not to apply a risk multiplier. We affirm the award of costs. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, VACATED IN PART, REMANDED.