**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK HENDRICKS, individually and
on behalf of all others similarly situated,

        Plaintiff-Appellee,

 v.

BRITTANY FERENCE,

        Objector-Appellant,

COLIN MOORE, KATHY DURAND
GORE,

        Intervenor,

 v.

STARKIST CO.,

        Defendant-Appellee.

No.   16-16992

D.C. No. 3:13-cv-00729-HSG

MEMORANDUM[*]

---

PATRICK HENDRICKS, individually and
on behalf of all others similarly situated,

        Plaintiff-Appellee,

No.   16-16993

D.C. No. 3:13-cv-00729-HSG

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

KELLY MARIE SPANN,

        Objector-Appellant,

COLIN MOORE, KATHY DURAND
GORE,

        Intervenor,

v.

STARKIST CO.,

        Defendant-Appellee.

---

PATRICK HENDRICKS, individually and
on behalf of all others similarly situated,

        Plaintiff-Appellee,

v.

JULIUS DUNMORE; et al.,

        Objectors-Appellants,

COLIN MOORE, KATHY DURAND
GORE,

        Intervenor,

v.

No.    16-16994

D.C. No. 3:13-cv-00729-HSG

STARKIST CO.,

   Defendant-Appellee.

PATRICK HENDRICKS, individually and on behalf of all others similarly situated,

   Plaintiff-Appellee,

 v.

ERIC MICHAEL LINDBERG,

   Objector-Appellant,

COLIN MOORE, KATHY DURAND GORE,

   Intervenor,

 v.

STARKIST CO.,

   Defendant-Appellee.

No. 16-16995

D.C. No. 3:13-cv-00729-HSG

PATRICK HENDRICKS, individually and on behalf of all others similarly situated,

   Plaintiff-Appellee,

 v.

KERRY ANN SWEENEY,

No. 16-17020

D.C. No. 3:13-cv-00729-HSG

Objector-Appellant,

COLIN MOORE, KATHY DURAND GORE,

Intervenor,

v.

STARKIST CO.,

Defendant-Appellee.

---

PATRICK HENDRICKS, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

BRITTANY FERENCE; et al.,

Objectors-Appellees,

COLIN MOORE, KATHY DURAND GORE,

Intervenor,

v.

STARKIST CO.,

Defendant.

No.   16-17056

D.C. No. 3:13-cv-00729-HSG

4

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted May 17, 2018[**]
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[***] Chief District Judge.

Objectors appeal the approval of a class action settlement resolving a dispute over the alleged under-filling of Starkist tuna cans. Distinguishing this case from our recent decision in *Romero v. Provide Commerce (In re Easysaver Rewards Litigation)*, No. 16-56307, 2018 WL 4763174 (9th Cir. Oct. 3, 2018), we affirm. Objectors raise four issues on appeal. We reject each issue in turn.

1. The settlement notice satisfied due process and Federal Rule of Civil Procedure 23. Here, the notice included the total amount of the settlement and the formula that would be used to determine individual recoveries. This information was sufficient to satisfy Rule 23 and due process. *See Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1350-51 (9th Cir. 1980) (identifying the district court's broad discretion under Rule 23(e) but also acknowledging that due process sets the

---

[**]     The panel unanimously concludes that case number 16-17056 is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).
[***]     The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

5

outer limits of this discretion); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). The fact that the notice also indicated that individuals could claim a certain value in coupons or cash does not impact the adequacy of the notice. The notice adequately identified the total value of the settlement fund and the fact that individual claims were subject to "dilution" in the event that individuals filed a higher than expected number of claims.

2. We likewise affirm the district court's determination that the award of tuna vouchers was not a form of coupon relief under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1712(a). Examining the factors identified in *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015), and re-emphasized in *Romero v. Provide Commerce*, No. 16-56307, we affirm the district court's conclusion that the vouchers at issue do not qualify as coupons. Virtually all of the factors identified in *Online DVD-Rental* weigh in favor of the district court's conclusion that the vouchers were not coupons under CAFA. The vouchers did not expire, they were freely transferrable, they could be used at a wide variety of stores (any retailer selling Starkist products), and the vouchers had sufficient value that class members could use them to purchase tuna without additional out-of-pocket expense.

The dispute in this case (unlike *Romero*) does not center on a failure to provide a promised coupon. Here, the claims center on Starkist's alleged under-filling of tuna cans, and the settlement supplies the missing tuna. The fact that the tuna is delivered by means of a voucher rather than by physically mailing cans of tuna to class members does not transform the settlement from a tuna settlement into a coupon settlement. CAFA's coupon provision does not apply to all non-cash settlements—it is limited to coupon settlements.

Where the underlying harm stems from something other than a failure to provide a promised coupon, as was the case in *Romero*, a voucher that is sufficiently usable and related to the harm suffered can be acceptable under *Online DVD-Rental.* Supplying missing tuna or providing a replacement for a defective product may be accomplished most efficiently by way of a voucher, and the use of a voucher to deliver an in-kind settlement to class members will not by itself transform a non-coupon settlement into a coupon settlement subject to CAFA. Accordingly, we affirm the district court's determination that the settlement was not subject to CAFA's coupon-settlement requirements. Because this was the only

7

basis raised for faulting the district court's award of attorney fees, we likewise affirm the award of attorney fees to Plaintiff's counsel.[1]

3. Lastly, we affirm the district court's determination that Plaintiff's counsel had not engaged in any improper conduct under our standard in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011). The district court correctly determined that none of the three factors identified in *Bluetooth Headset* were present and that there was no other evidence of collusion. Accordingly, the district court correctly denied Objectors' motion to remove class counsel.

**AFFIRMED.**

---

[1] Plaintiff appealed the limited issue of the district court's payment of fees to Intervenor's counsel by way of a deduction from the overall fee award to Plaintiff's counsel. We reject this challenge. The district court appropriately explained the basis for its reduction and award of fees to Intervenor's counsel. The cases on which Plaintiff relies to challenge the district court involved circumstances where the district court's reduction of fees lacked an adequate explanation. *See, e.g.*, *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (finding an abuse of discretion based on the district court's failure to explain a reduction in fees from the lodestar); *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016) (same). Accordingly, we affirm the district court's award of attorney fees to Intervenor's counsel and its corresponding reduction in fees to Plaintiff's counsel.

Nos. 16-16992, 16-16993, 16-16994, 16-16995, 16-17020, 16-17056

*Hendricks v. Starkist Co.*

FRIEDLAND, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority other than as to whether this was a coupon settlement within the meaning of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1712. I write separately to explain why, in my view, applying the framework set forth in *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015), the vouchers to purchase StarKist canned tuna must be considered coupons under § 1712. I also explain why I disagree with that framework and would adopt a different rule for determining whether a settlement is a coupon settlement within the meaning of CAFA were we not bound by *In re Online DVD*.

The majority's conclusion that the vouchers here are not coupons accords with neither our existing caselaw nor common understandings of the meaning of "coupon." The majority states that "[v]irtually all" of the factors from *In re Online DVD* weigh in favor of finding that the vouchers in this case are not coupons under CAFA. Specifically, the majority notes that the vouchers did not expire, were freely transferrable, could be used anywhere that StarKist products are sold, and would not require out-of-pocket expenses to purchase canned fish. The majority glosses over, however, the dominant feature of these vouchers: that they can be used only to purchase canned tuna. I believe that the considerations articulated in

*In re Online DVD* were not intended to be of equal importance, and that the narrow use of the vouchers here should be given dispositive weight in this case.

The majority emphasizes that the vouchers do not expire and are freely transferrable. But *In re Online DVD* used those factors to capture the flexibility of a particular credit and, by extension, how similar the credit was to cash. *See id.* at 951. In contrast, the vouchers here are remarkably inflexible—again, they cannot be used to purchase anything other than canned tuna. That class members could buy canned tuna now or could buy canned tuna five years from now simply does not make these vouchers less like coupons, in the common understanding of that term. The gift cards in *In re Online DVD*, in contrast, gave consumers "the ability to purchase one of many different types of products" from Walmart, "a giant, low-cost retailer." *Id.* at 951-52. And the Walmart gift cards were similar to cash not only because of the range of products they could be used to purchase, but also because they allowed consumers to avoid purchasing the product that gave rise to the action in the first place. These StarKist vouchers, in contrast, can only be used to acquire the product at issue in the underlying suit: canned tuna.

In terms of the options available to class members, the fact that the vouchers can be used to purchase only canned tuna has a far greater practical effect than the fact that the credits are transferrable. After all, Congress "targeted [coupon] settlements for heightened scrutiny out of a concern that the full value of coupons

was being used to support large awards of attorney's fees regardless of whether class members had any interest in using the coupons." *Romero*, slip op. at 8-9. When considering how likely class members are to use a coupon, what the coupon can be used to purchase is more significant than whether the coupon can be transferred or at some point expires—indeed, the value any class member could obtain by transferring a voucher is limited by the extent to which others would want it, which is determined by what it can be used for. *Cf. Redman v. RadioShack Corp.*, 768 F.3d 622, 628 (7th Cir. 2014) (explaining that "the secondary market in coupons is bound to be thin" where the coupons are not all that flexible). As a result, under *In re Online DVD*, I believe the district court erred by concluding that it need not apply CAFA's requirements for coupon settlements.

More generally, though, I believe the disagreement among panel members in this case reflects a larger problem with the framework adopted by *In re Online DVD* for determining whether an award is a coupon within the meaning of CAFA. Were we writing on a blank slate, I would not rely on *In re Online DVD*'s non-exclusive multifactor inquiry to divine CAFA's definition of a "coupon" at all, and would instead treat any type of discount, credit, gift card, or voucher as a coupon under CAFA.

CAFA does not define the word "coupon." *See* 28 U.S.C. § 1711 (defining other terms but not defining "coupon"). I believe that the statute provides no

3

definition because Congress intended the definition to be simple—any type of award that is not cash or a product itself, but that class members can redeem to obtain products or services or to help make future purchases, is a coupon.[1]

Treating all non-cash discounts, credits, vouchers, and the like as coupons under CAFA would mean that class counsel would receive attorney's fees in proportion to the value obtained by the class, because the coupons would only contribute to the settlement value upon which fees are based to the extent the coupons were redeemed. If coupons had the characteristics that *In re Online DVD* held made the gift cards there similar to cash, those characteristics would lead class

---

[1] The Senate Judiciary Committee's Report on CAFA described several examples of concerning settlements in which large attorney's fee awards (in cash) vastly exceeded the value of non-cash awards to class members. Most of the settlements described involved coupons that provided discounts off future purchases from the defendants. *See* S. Rep. No. 109-14, at 15-20 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 15-20. *In re Online DVD* then drew its criteria for what constitutes a "coupon" from the concerns in the Senate Report. 779 F.3d at 950-52. But the Senate Report did not purport to limit the definition of "coupon" to such settlements or to percentage discounts rather than other sorts of gift cards or vouchers. *See* S. Rep. No. 109-14, at 15-20. As the Seventh Circuit has explained, from "the standpoint of the dominant concerns that animate the provisions of [CAFA] regarding coupon settlements it's a matter of indifference whether the coupon is a discount off the full price of an item or is equal to (or for that matter more than) the item's full price." *Redman v. RadioShack Corp.*, 768 F.3d 622, 636 (7th Cir. 2014). Thus, I believe Congress intended the term "coupon" in CAFA to include what the majority characterizes as in-kind settlements—those that supply or replace a complete product—when they are achieved through vouchers.

4

members to redeem them at a high rate, and a higher attorney's fee award would result. But counsel generally would receive lower fees if the settlement awarded coupons of less value to class members, as class members would redeem such coupons at a lower rate. This approach would directly track the approach Congress adopted in drafting CAFA—rather than worrying about giving a definition to the term "coupon," the value of the award to the class would be determined by the redemption rate, which is a direct reflection of how much class members actually value the award, and the benefit they receive.[2]

This approach would avoid uncertainty for district courts (and disagreement on appeal, like we have in this case), because a bright-line rule that any type of discount or credit counts as a coupon would be simple to implement. In contrast,

---

[2] The way the StarKist vouchers in the present settlement will work further demonstrates why such credits should be considered coupons under CAFA. Each voucher will have a face value of between $1 and $2, as determined by StarKist. Because, in most stores, that face value will not equal the exact price of any round number of cans of tuna, class members will either need to spend some of their own money to redeem the whole voucher (a factor in the *In re Online DVD* analysis, the nuance of which the majority ignores in this case), or will have to leave some of the voucher unredeemed. Even though many class members will leave a portion unredeemed, and even though many class members will not redeem the voucher at all—whether because they lose it, forget they have it, decide they no longer like tuna, or for any other reason—the majority's holding that the vouchers are not coupons means all the distributed vouchers will be counted at their full face value for purposes of calculating the settlement value and the resulting attorney's fees. This is exactly the sort of result Congress was trying to prevent when it adopted the coupon provisions in CAFA.

any non-exclusive list of multiple considerations, such as that adopted in *In re Online DVD*, requires courts to separately evaluate in each case how many of those considerations must be satisfied, how to balance those that are satisfied and those that are not, and whether other criteria might also be relevant. For example, should a defendant's extensive inventory priced at less than a gift card's value mean that the gift card is not a coupon even if it has blackout dates and expires very quickly? What about a gift card that does not expire but can only be used at certain locations and for a limited range of products? In this case, several of the *In re Online DVD* factors weigh in favor of a finding that the vouchers are coupons while, in my view, one particularly significant factor does not. Neither CAFA nor our list of considerations in *In re Online DVD* provides clear guidance on how to balance these factors, so endless litigation over such questions is inevitable unless we change course and adopt a simpler rule.

A rule that any type of discount or credit is a coupon would also provide predictability in crafting settlements. Counsel would know from the outset if they were negotiating a "coupon settlement" and could structure the settlement to account for that. Indeed, they might be able to use an expert to estimate the coupon redemption rates before the redemption period was over. *See Redman*, 768 F.3d at 634. Class members would receive notice that counsel's fee depended on

6

the redemption of the coupons, so they could use that information in deciding whether to object to the fee request.

In my view, Congress enacted a simple rule for evaluating the value of coupon awards to class members based on their redemption rate, and we have created needless complication and confusion by deciding that approach should only apply some of the time, based on judicially created standards for what counts as a coupon. I hope that our court acting en banc, or the Supreme Court, will someday put us back on track. In the meantime, weighing the factors of *In re Online DVD*, I respectfully dissent from the conclusion that this settlement was not a coupon settlement within the meaning of CAFA.