**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALLANA BARONI,<br><br>Debtor,<br>_____<br><br>ALLANA BARONI,<br><br>Appellant,<br><br>v.<br><br>CIT BANK N.A., FKA One West Bank, FSB, FKA One West Bank, NA,<br><br>Appellee. | No. 18-55514<br><br>D.C. No. 2:17-cv-07947-SVW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 22, 2019**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI,[***] Judge.

After the Bankruptcy Court (BC) granted summary judgment for One West Bank (OWB) on Allana Baroni's challenge to OWB's claim under a promissory note, Baroni appealed from the BC's award of attorneys' fees to OWB. The district court affirmed, and Baroni appealed to our court. Baroni challenges only the amount of the fees awarded ($538,323), asserting that OWB did not provide the BC with sufficient detail to support the award.

"We review decisions of the bankruptcy court independently without deference to the district court's determination." *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 705 (9th Cir. 2004) (citation omitted). We review a bankruptcy court's award of attorneys' fees for abuse of discretion. *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1166 (9th Cir. 2019) (en banc). A decision is an abuse of discretion if it is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have been based. *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016) (per curiam).

Baroni has not shouldered her burden of showing that the BC's award of attorneys' fees was an abuse of discretion or inadequate to allow appellate review.

---

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

Baroni does not allege that the BC based its decision on an erroneous conclusion of law. Rather, she asserts that OWB failed to present the BC with sufficient evidence to support its application for attorneys' fees. However, the BC devoted seven pages of its decision to addressing the reasonableness of the fee and concluded that the declaration filed under seal was sufficiently detailed to establish the reasonableness of the services rendered. The BC considered Baroni's objections to the amount of attorneys' fees requested by OWB. It disallowed $82,006 in fees, which reduced the award to $538,323, and determined that OWB had "suffered considerable legal expense as a result of [Baroni's] aggressive litigation tactics," which were unsuccessful and included three frivolous appeals.

The conclusory allegations in Baroni's brief fail to specifically challenge the BC's determination that the billing records and declaration adequately supported the award. The district court's affirmance of the BC's award of attorneys' fees is **AFFIRMED**.