**NOT FOR PUBLICATION**



**FILED**

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, <br><br>------------------------------ <br><br> INDIRECT PURCHASER CLASS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CONNER ERWIN, <br><br> Objector-Appellant, <br><br> v. <br><br> SAMSUNG ELECTRONICS COMPANY, LTD.; et al., <br><br> Defendants-Appellees. | No.   19-15538 <br><br> D.C. No. 3:10-md-02143-RS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 14, 2020
San Francisco, California

Before: GOULD and CHRISTEN, Circuit Judges, and LASNIK,[**] District Judge.

Objector Conner Erwin appeals from the district court's order awarding attorneys' fees for the third of three settlements reached in this consumer electronics class action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand the fee award.[1]

**1.** Erwin argues that the district court abused its discretion by not fully explaining why it awarded class counsel a higher fee than the firm had proposed in its bid to secure appointment as interim class counsel.

We review for abuse of discretion the district court's award of attorneys' fees, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc), but the district court must adequately explain its reasoning in order for our court to conduct a meaningful review of the award's reasonableness, *see Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (per curiam); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

---

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[1] Because the parties are familiar with the facts and the procedural history, we do not recount them here.

In an opinion vacating class counsel's first- and second-round fee awards in this class action, a different panel of our court clarified the standard for determining reasonable attorneys' fees in cases where class counsel obtains appointment through a competitive bidding process. The opinion also concluded that the district court's stated reasons for approving a very sizeable variance from class counsel's bid in the first- and second-round fee awards were inadequate given the magnitude of the difference. We vacate and remand the third-round fee award for further findings consistent with the standard set forth in the concurrently filed opinion addressing the first- and second-round fee awards.

**2.** Erwin contends that the district court abused its discretion by denying his request to unseal class counsel's bid. Because class counsel stated at oral argument that it no longer objects to Erwin's request to unseal its bid, the district court shall unseal the bid on remand.

**VACATED and REMANDED.**