NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN WILSON; CARRIE HUGHES; KATIA SEGAL, on behalf of themselves and all others similarly situated, | No. 19-16998 |
| | D.C. No. 3:17-cv-03763-JSC |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| TESLA, INC., DBA Tesla Motors, Inc., a corporation; TESLA MOTORS, INC., a corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted October 14, 2020**
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and WHALEY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Plaintiffs appeal the district court's award of attorney's fees, costs, and class representative incentive awards pursuant to their settlement with Tesla, Inc.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 929 (9th Cir. 2020) (attorney's fees and costs); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (incentive awards), we affirm.

1.   In common fund cases, "[t]he choice of a fee calculation method is generally one within the discretion of the trial court."  *Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 687 (Cal. 2016).  Here, the district court was well within its discretion in calculating attorney's fees based on a lodestar rather than a percentage of recovery.  The district court's stated reason, class counsel's "carelessness in the presentation of the settlement," is amply supported by the record.

2.   A district court "is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case," and "the party seeking a fee enhancement bears the burden of proof."  *Ketchum v. Moses*, 17 P.3d 735, 746 (Cal. 2001).  The district court here did not abuse its discretion in

---

[1] In accordance with the parties' settlement agreement, Tesla takes no position on the merits of plaintiffs' appeal.

declining to enhance the lodestar amount due to the quality of the representation. *See Golba v. Dick's Sporting Goods, Inc.*, 190 Cal. Rptr. 3d 337, 351–52 (Ct. App. 2015) (affirming court's decision not to apply fee multiplier in part because "[m]ore appearances were made than were necessary because paperwork was not complete on the first attempt").  The court's finding that class counsel's performance would "[i]f anything . . . warrant a downward adjustment" to the lodestar was not clearly erroneous.

3.    A federal court's "failure explicitly to consider the . . . factors" relevant to a lodestar enhancement "[is] an abuse of discretion."  *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016) (per curiam).  *But see Taylor v. Nabors Drilling USA, LP*, 166 Cal. Rptr. 3d 676, 694 (Ct. App. 2014) (holding that California trial court's failure to "specify the factors it had considered" when deciding whether to apply fee multiplier did "not compel a reversal").[2]  Here, the district court explicitly considered "the results of the action" obtained by class counsel, "the contingent nature of counsel's fee arrangement," and "the skill

---

[2] State law governs both plaintiffs' "right to fees" and the "method of calculating the fees."  *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  We assume without deciding that federal law governs whether a district court must state on the record the factors it considered in deciding whether to enhance the lodestar.  *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007) ("[F]ederal courts sitting in diversity . . . apply state substantive law and federal procedural law."); *cf. Black v. Romano*, 471 U.S. 606, 610 (1985) (characterizing as "procedural" the "requirement that the sentencing court explain its reasons" for revoking probation).

required in conducting the litigation and succeeding in the settlement." There was no procedural error. *See Ketchum*, 17 P.3d at 741–43 (explaining that California courts frequently consider such factors).

4. An attorney's "inefficient or duplicative efforts [are] not subject to compensation." *Id.* at 741. The district court did not abuse its discretion by declining to award costs for airfare and lodging necessitated by class counsel's inadequate work and noncompliance with court orders.

5. Similarly, the district court did not abuse its discretion by declining to award taxi costs incurred during class counsel's unnecessary trips.

6. Because plaintiffs never requested $833.69 in costs related to the final approval hearing, the district court did not abuse its discretion by not awarding this amount.

7. The district court did not abuse its discretion by awarding only $5,000 of the requested $10,000 per class representative for incentive payments. The court did not clearly err in finding that the class representatives' risk of reputational injury from the litigation was "not so great as to justify deviating from the standard $5,000 incentive award." Although the court's internet research constituted improper factfinding, *see de Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016), the court performed this research because plaintiffs' evidentiary submissions were inadequate to support their claim of reputational injury. *See*

4

*Clark v. Am. Residential Servs. LLC*, 96 Cal. Rptr. 3d 441, 457 (Ct. App. 2009) ("[T]he trial court is not bound to, and should not, accept conclusory statements about 'potential stigma' and 'potential risk,' in the absence of supporting evidence . . . ."). Thus, the error was harmless.

8. The district court's other reasons for declining to award extraordinarily large incentive payments were logical and supported by the record. The court found that "[a]n incentive award of $10,000 is approximately 4.1 times greater than the average class member award of $2,440" and therefore "disproportionate." Even if the court had calculated this ratio using the actual attorney's fees and costs it awarded rather than the higher amounts estimated by the settlement administrator,[3] the resultant ratio of 3.6 was still within the range that the district court here cited as disproportionate in *Burden v. SelectQuote Insurance Services*, No. 3:10-cv-05966, 2013 WL 3988771, at *6 (N.D. Cal. Aug. 2, 2013) (declining request to award incentive payment that was 3.0 to 5.4 times "the average payment to the class members"). The district court did not clearly err in finding that "none of the [lead] plaintiffs played a particularly active role in the litigation" and that doubling the standard $5,000 award would reduce the funds available to the rest of the class.

---

[3] It was not illogical for the district court to exclude the PAGA distributions, for which only a subset of the class was eligible, from the average award per class member.

9.   A district court "must evaluate [incentive] awards individually." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  The district court did so here and found that the differences between the class representatives' asserted participation and reputational harm were slight.  The court observed that "[e]ach of the plaintiffs attests that they spent between 75–90 hours on this action," and "each . . . attests that they performed . . . identical tasks."  This finding, which is supported by the record, was a logical basis to award the same incentive payment to each class representative.

   **AFFIRMED.**