NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMETA REYES, individually and on behalf of all others similarly situated, | No. 20-55909 |
| Plaintiff, | D.C. No. 8:16-cv-00563-SVW-AFM |
| and | |
| STUEVE SIEGEL HANSON LP; ROBINSON CALCAGNIE, INC. | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 4, 2021[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before:  SILER,*** HURWITZ, and COLLINS, Circuit Judges.
Dissent by Judge COLLINS

Demeta Reyes filed a putative class action lawsuit against Experian alleging violations of the Fair Credit Reporting Act.  Initially, the district court dismissed the claims because it did not believe that the evidence supported willful noncompliance.  Reyes appealed and prevailed.  After remand, the district court found Reyes had standing and certified the class.  The parties then reached a proposed settlement, which included automatic payment to class members of at least $270 after deductions.  That settlement received preliminary approval.  Although the district court noted that the requested fee award (35%) was on the high side, it indicated it might nonetheless be fair.

Because the presiding judge retired, the case was reassigned.  Shortly thereafter, class counsel moved for attorneys' fees, costs, and a service award payment.  Class counsel requested a fee award of 33%, to which no objection was made, along with evidentiary support for that request.  However, the district court granted only a 16.67% fee.  Class counsel appeals that award.  We have jurisdiction under 28 U.S.C. § 1291 and review for abuse of discretion.  *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016).   We find the district

***      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's explanation for departing from the 25% "benchmark" insufficient. We therefore reverse the district court's order and remand.

The district court awarded attorneys' fees as a percentage of the fund. When the percentage method is used, 25% of the fund is the "benchmark" award. *Id*. An adjustment, either up or down, "must be accompanied by a reasonable explanation of why the benchmark is unreasonable under the circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989). Typically, in setting the fee the court should consider: (1) the results; (2) risk to class counsel; (3) secondary benefits of the settlement; (4) the market rate in the particular field of law; (5) the burdens class counsel experienced; and (6) whether the fee was contingent. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020). Whether the award would generate a windfall is also relevant. *See id.* at 933. None of those factors supports a below "benchmark" award in this case.

By any measure, class counsel was successful. According to an expert witness, the settlement was the largest "Experian has ever agreed to in a case under the Fair Credit Reporting Act[,]" and the settlement's "structure . . . is the FCRA gold standard, providing direct cash payments with no claim required and barring reversion back to Experian. The distribution of settlement funds will not be depressed because of the claims rate." To reach that result, class counsel assumed significant risk. The case, which "presented a unique fact pattern and theory of

liability that found little support in the existing body of FCRA caselaw[,]" was revived on appeal on a contingent basis. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Class counsel's "representation of the class—on a contingency basis—extended over [four] years, entailed [over one hundred thousand] dollars of expense, and required counsel to forgo significant other work[.]" *See id.* at 1050. As a secondary benefit of this years-long representation, Experian deleted more than 56,000 delinquent loan accounts after this litigation began. Before deletion, those delinquent accounts depressed class members' credit scores.

The 16.67% fee award falls below the market rate fee award in FCRA class action settlements. And no windfall is apparent. Assuming a 25% award, the lodestar crosscheck returns a multiplier of 2.88. Similar lodestars are routinely approved by this court. *See, e.g., Vizcaino*, 290 F.3d at 1051 (affirming 25% fee recovery, which was supported by lodestar cross-check with a multiplier of 3.65, and explaining that that multiplier "was within the range of multipliers applied in common fund cases"). The district court's reliance on megafund and wage and hour cases to find a windfall for class counsel was somewhat inappropriate here. First, megafund cases are usually those with settlements exceeding $100 million. *See In re Optical Disk Drive*, 959 F.3d 922, 932 (9th Cir. 2020) (quoting 5 William B. Rubenstein, Newberg on Class Actions § 15:81 (5th ed. 2012)). Here, the

settlement is about a quarter of that.  Megafunds are more often a reflection of class size than class counsel's efforts.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1297 (9th Cir. 1994).  Moreover, the complexity of this case is similar to a wage and hour dispute the district court cited where a 2.87 lodestar multiplier was approved, but not the "ordinary wage-and-hour dispute" that the district court also cited.

**REVERSED AND REMANDED** for further proceedings not inconsistent with this opinion.



*Demeta Reyes v. Experian Information Solutions, Inc.*, No. 20-55909

COLLINS, Circuit Judge, dissenting:

In my view, the district court's application of the lodestar cross-check—which was the basis for its downward adjustment from the 25-percent benchmark that applies under the percentage-of-recovery method—was not an abuse of discretion. Because the majority holds otherwise, I respectfully dissent.

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" in setting the attorney's fees. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) (citation omitted). Indeed, "[w]hen using the percentage-of-the-fund approach, although there is a 25 percent benchmark, that rate may be unreasonable in some cases." *Id.* "Courts may compare the two methods of calculating attorney's fees in determining whether fees are reasonable." *Id.*

Here, the district court started with the percentage-of-recovery method. Citing factors from *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002), the court concluded that an *upward* departure from the 25-percent

benchmark was not warranted.  Nevertheless, upon conducting a lodestar cross-check, the court concluded that a downward adjustment was warranted because the benchmark award of $6,000,000 would result in a lodestar multiplier of 2.88 and a windfall for class counsel, whose fees amounted only to $2,085,843.50.  The court determined that an award of $4,000,000 would result in "a more reasonable lodestar multiplier of 1.92," and the court accordingly awarded $4,000,000.

The district court did not abuse its discretion by applying the lodestar cross-check and adjusting the fee award accordingly.  *See Fischel*, 307 F.3d at 1007 (recognizing that the 25-percent benchmark rate "may be unreasonable in some cases," and that one way to determine reasonableness is to perform a lodestar crosscheck); *In re Bluetooth Headset*, 654 F.3d at 942 (indicating that where a benchmark award "would yield windfall profits for class counsel in light of the hours spent on the case, courts should adjust the benchmark percentage or employ the lodestar method instead").  Indeed, the district court could have decided to start with the lodestar method instead of the percentage-of-recovery method, *see In re Bluetooth Headset*, 654 F.3d at 942, which would have resulted in a *lower* fee than the one the district court ultimately awarded.  The majority nonetheless concludes that the district court abused its discretion because the settlement here was under $100 million and because multipliers of 2.88 or more have been allowed in other cases.  *See* Mem. Dispo. at 4–5.  But the fact that we have upheld higher

2

multipliers in some cases does not mean that district courts lack discretion to conclude that a lower multiplier would be more reasonable in a given case. By essentially ordering the district court to allow this high multiplier, the majority usurps the discretion that we have said belongs to the district court.

Because the district court had discretion to conclude that a benchmark award that was nearly three times the lodestar amount would be unreasonable, and that a smaller (but still generous) multiplier was more appropriate, the district court did not abuse its discretion by ordering a $4,000,000 fee. I therefore respectfully dissent.