**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HO, an individual, | No. 20-55915 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00446-DOC-DFM |
| v. | |
| FREDERICK RUSSI, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 6, 2022
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

John Ho appeals the district court's partial fee award totaling $540,[1] roughly

14 percent of the requested $3,960. We have jurisdiction under 28 U.S.C. § 1291

and conclude that the district court erred because it failed to adequately explain how

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Ho claims to have received only $500 in attorney's fees in his brief before the court. Because the district court's order awarded $540, we use that number.

it arrived at the reduced fee award.[2]

After granting Ho's application for default judgment on an Americans with Disabilities Act claim, the district court addressed Ho's request for attorney's fees. Under the "lodestar method," which is the "customary method of determining fees," *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *as amended*, 108 F.3d 981 (9th Cir. 1997), the district court was required to calculate the attorney's fees to which Ho is entitled by determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Where the district court determines that the reasonable number of hours worked is less than 90 percent of what the plaintiff asserts, "a more specific articulation of the court's reasoning is expected." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–12 (9th Cir. 2008). Conclusory or vague assertions that the lawyer's work was duplicative or excessive are insufficient. *See id.* at 1112–13.

Ho's billing records showed that his attorney worked 9.9 hours at a $400/hour rate, for a total of $3,960. The district court rejected this calculation and instead awarded $540 in fees, stating that "[t]he Court finds that the ten hours billed for this

---

[2] The remaining matters in this appeal are addressed in an opinion published simultaneously with this memorandum disposition.

2

matter are unreasonable given the quality of the complaint and motion for default judgment." This was error because the district court failed to determine the reasonable number of hours for this matter, or why $540—as opposed to any other figure—was proper. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016) (per curiam) (vacating and remanding fee award because "the record lacks any explanation as to why the lodestar was reduced by 422 hours, as opposed to any other number of hours"); *Moreno*, 534 F.3d at 1111 ("When the district court makes its award, it must explain how it came up with the amount.").

The district court's fee award is therefore **VACATED**, and the case is **REMANDED** for the entry of a new fee award consistent with this memorandum disposition.