**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL SCHWARTZ, Lead Plaintiff and the Settlement Class, | No. 18-55618 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-01959-CAB-BLM |
| KAPLAN FOX & KILSHEIMER LLP, | |
| Appellant, | MEMORANDUM* |
| v. | |
| ARENA PHARMACEUTICALS, INC.; JACK LEIF; ROBERT E. HOFFMAN; DOMINIC P. BEHAN; WILLIAM R. SHANAHAN; CHRISTY ANDERSON, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 6, 2019**
Seattle, Washington

Before: RAWLINSON, BEA, and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lead plaintiff Carl Schwartz and lead counsel Kaplan, Fox & Kilsheimer LLP appeal the district court's attorney's fees award, class-representative award, and denial of the motion for reconsideration. We review awards of attorney's fees and expenses for abuse of discretion. *See Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016). We also review a district court's denial of a motion for reconsideration for abuse of discretion. *See United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

1.    The district court did not abuse its discretion by awarding plaintiffs' counsel 15 percent ($3.6 million) of the settlement fund as attorney's fees instead of 30 percent ($7.2 million). The district court had the discretion to choose the percentage-of-the-fund calculation method to determine whether the requested fees were reasonable. *See Paul Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989). Most of counsel's arguments regarding the district court's calculation – e.g., the court should have considered a risk modifier and awards in

---

[1]  Given the lack of an answering brief or reply brief, we consider the arguments before the district court and the district court's orders in addressing the merits of this appeal. An appellee's "failure to file a brief does not compel a ruling in [the appellant's] favor." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 n.7 (9th Cir. 2010). The appellee can still prevail in the matter because we are "required to ascertain and rule on the merits arguments in the case." *Latta v. Otter*, 771 F.3d 456, 465 (9th Cir. 2014).

similar cases – involve information required for a lodestar calculation but not for a percentage-of-recovery calculation. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (providing relevant factors for a percentage-of-the-fund calculation). The district court reasonably considered the contingent nature of the work, the procedural posture of the case (which was just past the pleading stage after an appeal), and the lack of discovery and other fact-intensive work in calculating the award.[2]

Moreover, the district court attempted to rely on a lodestar calculation as a cross-check but was hampered by counsel's failure to provide reliable evidence. To the extent the district court did not have enough information about rates and hours, counsel failed to meet their burden to provide reliable evidence. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984) (holding that the party seeking fees bears the burden of producing satisfactory evidence). We affirm the award of attorney's fees.

---

[2] The dissent contends the district court "failed to adequately explain how it arrived at an award limited to fifteen percent of the common fund in light of the well-established benchmark of twenty-five percent." The district court did discuss the relevant guidelines from *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-50 (9th Cir. 2002), and weighed the various factors, as required by *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016). The abuse of discretion standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions, reversing only if we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

2.     The district court did not abuse its discretion in denying counsel's motion for reconsideration of the fee award.  The motion for reconsideration provided expert declarations and records to support counsel's requested hours and rates, information absent from counsel's initial motion for attorney's fees.  That information was available to counsel when they filed the initial motion for fees; they simply chose not to meet their burden of providing adequate documentation with the initial request.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1306 (9th Cir. 1994).  A motion for reconsideration should not be a better argument for the same position counsel previously put forth, just with better evidence it could have offered before.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).  Although counsel were made aware of these deficiencies during the settlement hearing, they did not ask the court to supplement the record.  Accordingly, the district court properly denied the motion for reconsideration.

3.     The district court abused its discretion in reducing Schwartz' request for $17,500 in costs and expenses to a $2,000 incentive award.  First, the Private Securities Litigation Reform Act (PSLRA) does not allow for incentive awards for class representatives.  *See* 15 U.S.C. § 78u-4(a)(2)(A)(vi); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 960 (9th Cir. 2009).  Second, although the PSLRA allows class representatives to recover "reasonable costs and expenses (including

4

lost wages) directly relating to the representation of the class," 15 U.S.C. § 78u-4(a)(4), here, the district court failed to consider Schwartz' request for lost wages. Under the PSLRA, Schwartz was entitled to this award if the lost wages were "directly relat[ed] to the representation of the class." 15 U.S.C. § 78u-4(a)(4). On remand, the district court should address whether Schwartz has made this showing.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.** Each party shall bear its own costs on appeal.

***Schwartz v. Arena Pharmaceuticals,*** **Case No. 18-55618**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I agree with the majority that the district court should have considered whether lead plaintiff Carl Schwartz made an adequate showing that he was entitled to "reasonable costs and expenses (including lost wages) directly relating to the representation of the class." 15 U.S.C. § 78u-4(a)(4). However, I respectfully dissent from the balance of the disposition.

The district court failed to adequately explain how it arrived at an award limited to fifteen percent of the common fund in light of the well-established benchmark of twenty-five percent and counsel's unopposed request for thirty percent. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989), *as amended* ("Ordinarily, . . . [percentage] fee awards range from 20 percent to 30 percent of the fund created. We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted).

The district court acknowledged the excellent results achieved, the difficulty of the case, counsel's experience, and the positive class response, all of which weighed in favor of granting the fee request. *See, e.g. In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 954-55 (9th Cir. 2015). Yet, the district court

1

inexplicably awarded only one-half of the requested percentage, citing the paucity of activity reflected on the district court's docket. The court failed to cite any authority in support of this determination. More importantly, its ruling essentially penalized counsel for resolving the case effectively and efficiently. *See* William H. Becker, *Efficient Use of Judicial Resources*, 43 F.R.D. 421, 422-43 (1967-68) (suggesting the development of "some method . . . to decrease the number of judge hours devoted to the termination of the average case"). Moreover, the district court did not fully take into consideration the fact that counsel successfully obtained reversal in the Ninth Circuit of the district court's dismissal of the second amended complaint. Although those successful efforts would not be reflected on the district court docket, we have considered successful appellate litigation as an important factor in determining the appropriate percentage rate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). In addition, the court failed to explain how it weighed the various considerations. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 ("The district court must state not only the grounds on which it relied, but also how it weighed the various competing considerations. . . .") (citation omitted); ("Especially where the disparity between the requested fee and the final award is larger, a more specific articulation of the court's reasoning is

2

expected.") (citation and internal quotation marks omitted); ("While the court noted one or two considerations that might have supported its decision, it failed to explain how it weighed those considerations when calculating the final award.").[1]

As in *Stanger*, the district court in this case failed to explain specifically why the percentage was reduced by 50%, "as opposed to any other" percentage. *Id.* In *Stanger*, we held that a 30% reduction was sufficiently large "that the parties were entitled to a more detailed explanation of the court's reasoning." *Id.* (citation omitted). In this case, the 50% percentage reduction even more strongly entitled the parties to a more detailed explanation of the court's weighing process. *See id.* In *Stanger*, we concluded that the lack of an adequate record of the court's weighing process rendered the decrease in the requested fees arbitrary. *See id.* A similar outcome is warranted under the analogous facts of this case.

Finally, the district court wrongfully rejected counsel's proffered evidence in support of the loadestar calculation that accompanied counsel's unopposed motion

---

[1] The majority states that the district court "weighed the various factors." *Majority Disposition*, p. 3 n.2. However, the majority did not and cannot say *how* the district court weighed the various factors, because the district court failed to discuss how it weighed the factors. This failure constituted reversible error. *See Stanger*, 812 F.3d at 739 (explaining that the court must explain "*how* it weighed the various competing considerations") (emphasis added). The district court's mere listing of the factors was not enough. *See id.*

3

for reconsideration.  *See In re Wash. Pub. Pwr. Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1306 (9th Cir. 1994) (holding that the district court "abuse[d] its discretion in refusing to reconsider its initial decision in light of additional documentation . . . provided by the . . . firm in support of its motion for reconsideration")  Because of these errors, I would vacate the district court judgment in its entirety.